# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

MARK ROBBINS, et al., )
)
    Plaintiff, )
)
v. ) No. 4:10CV1552 HEA
)
RANDY BECKER, SR., et al., )
)
    Defendant. )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Randy Becker, Sr., Ryan Burkhardt, James Cox, Daniel Dicus, Travis Inman. Ronald Johnson, Jeremie Keathely, Lee A. Kenley, Keith Lichay, Justin McCullough, Brent Moore, John Oliveras, Duane Robinson, Rhonda Shanika and three John Doe defendants' (collectively, "Defendants") Motion for Summary Judgment [ECF No. 22]. Plaintiffs Mark Robbins, Gail Robbins, I-44 Truck Center and Wrecker Service, LLC and I-44 Wrecker Service, LLC (collectively, "Plaintiffs") filed a Response in Opposition to Defendants' motion [ECF No. 28], to which Defendants replied [ECF No. 30]. For the reasons set out below, Defendants motion will be denied.

## Factual Background[1]

---

[1] The Court's recitation of the facts is drawn form the parties' statements of material facts filed in conjunction with Defendants' motion for summary judgment and Plaintiff's opposition.

Plaintiffs Mark and Gail Robbins are a married couple who operate I-44 Truck Center and Wrecker Service, LLC ("I-44") and I-44 Wrecker Service. I-44 monitors wrecks occurring along the Interstate-44 corridor as well as Phelps, Franklin, Crawford, and St. Louis counties by monitoring two-way radio traffic. When a tractor-trailer accident occurs, I-44 sometimes waits for a service call and at other times calls the trucking company. I-44 provides towing, wrecker and repair services for private and commercial vehicles, particularly semi-trucks and tractor-trailers that break down or are involved in accidents on Interstate 44 and the counties referenced above. Until 2006, Missouri State Highway Patrol Troops C and I maintained and utilized rotation lists for calling wrecker and towing companies to accident scenes.[2] Troop I is located in Rolla, Missouri. Troop C is located in Weldon Spring, Missouri. Each of the Defendants was assigned to either Troop C or Troop I at times relevant to Plaintiffs' allegations. In 2006, the Circuit Court of Cole County, Missouri ruled that the Missouri State Highway Patrol lacked statutory authority to keep and utilize rotation lists. I-44 has preferred vendor relationships with various customers. When accidents come to I-44's attention involving a company, I-44 will often phone that company. Over a

---

[2] In his deposition, Defendant Johnson testified that Troop C did not maintain or utilize "rotation lists." Defendant Johnson referred to the list as "list of wreckers that we utilize."

period of approximately a decade extending from when this lawsuit was filed, I-44 alleges that Defendants denied it the opportunity to provide towing or wrecker services.

On August 20, 2010, Plaintiffs brought multiple claims against Defendants. Count I alleges that each and every Defendant, in his or her individual capacity, violated Plaintiffs' due process rights under § 1983. Count II alleges each and every Defendant, in his or her individual capacity, violated Plaintiffs' right to equal protection under the Fourteenth Amendment of the United States Constitution. Count III alleges that Defendants, constituting two or more people, entered into conspiracy to deprive Plaintiffs–particularly, Plaintiffs Mark and Gail Robbins–of their means of livelihood by attempting to put them out of business. Count IV alleges that each and every Defendant conspired to restrain trade and monopolize trade in violation of Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. § § 1 and 2. Count V alleges tortious interference with a business expectancy by each and every Defendant. Count VI alleges conspiracy in restraint of trade, in violation section 416.031 R.S.Mo, against each and every Defendant, in his or her individual capacity. Count VII is a prima facie tort claim against each and every Defendant, in her or her individual capacity. Count VIII is a civil conspiracy claim under state law against each and every Defendant. Count IX

alleges that each and every Defendant, alone and/or in concert, is in contempt of the June 20, 2006 judgment by the Circuit Court of Cole County Missouri.

## **Summary Judgment Standard**

The standard for summary judgment is well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Littrell ,* 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha*

*Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990.

To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [their] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung,* 422 F.3d 630, 638 (8th Cir. 2005). Summary

5

Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir. 2006).  "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007).  "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines,* 2008 WL 2609197, 3 (8th Cir. 2008).

## Discussion

Plaintiffs have set forth several specific facts showing that there is a genuine issue for trial. See *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006).  Based on the entire record, the Defendant is not entitled to summary judgment.  Considering all of the facts, together with inferences to be drawn therefrom, it appears that genuine issues of material fact remain. In fact, Plaintiffs dispute almost every fact in this case.  Summary judgment is, therefore, not appropriate at this time.  Accordingly, the Defendants' Motion for Summary Judgment, [ECF No. 22], is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment, [ECF No. 22], is **DENIED.**

**IT IS FURTHER ORDERED** that all materials in relation to "Section II. Order Relating to Trial", in the Amended Case Management Order [ECF No. 20] shall be submitted by Thursday, September 6, 2012.

Dated this 31st day of August, 2012.

                                              HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE