UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARK ROBBINS, *et al.*,          )
                                 )
        Plaintiffs,              )
                                 )        Case No. 4:10CV1552 HEA
vs.                              )
                                 )
                                 )
RANDY BECKER, SR., *et al.*,     )
                                 )
        Defendants.              )

## OPINION, MEMORANDUM AND ORDER

Plaintiffs brought this action seeking damages for alleged federal constitutional and statutory violations.  Plaintiffs contend that Defendants interfered with their business operations of towing services in and around the I-44 corridor.  Defendants moved for summary judgment on the grounds that the federal claims against them are barred by the doctrine of qualified immunity.

On August 31, 2012 , the Court denied Defendants' motion for summary judgment.  Defendants filed an interlocutory appeal.  On May 22, 2013, the Court of Appeals for the Eighth Circuit issued its Opinion that this Court  remanded the matter for further consideration of Defendants' qualified immunity arguments.

For the reasons set forth below, the Court now concludes that Defendants are entitled to qualified immunity on Plaintiff's federal claims.  Additionally, the

Court declines to exercise its supplemental jurisdiction.

## Facts and Background[1]

Plaintiffs Mark Robbins and Gail Robbins operate  I-44 Truck Center and Wrecker Service, LLC, and I-44 Wrecker Service, LLC (I-44 and, collectively, Robbins). I-44 provides towing and wrecker services to semi tractor-trailers and other private and commercial vehicles along the Interstate 44 corridor in the St. Louis, Missouri, area.  From approximately 1996 to 2006, the officers maintained a "rotation list" for selecting wrecker and towing companies to respond to highway accidents. The Robbins allege I-44 was excluded from the list after Mark Robbins had a confrontation with some of the officers in 1999. The Robbins further allege that, following this 1999 incident, the officers maliciously conspired with each other and third parties to prevent I-44 from providing towing services to I-44's clients.

The Robbins brought suit against fourteen individually named officers and at least three "John Doe" officers, alleging (1) violations of their due process and equal protection rights under § 1983; (2) conspiracy to violate Robbins' constitutional rights; (3) violations of the Sherman Act; and (4) Missouri state law

_____

[1] The summary of facts was set forth by the Eighth Circuit Court of Appeals in its May 22, 2013 Opinion.  It was taken from Plaintiff's Complaint.

claims. After discovery, the officers moved for summary judgment based on qualified immunity.

## Discussion

Government officials, who are performing discretionary functions, are generally shielded from liability for civil damages, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. See, *Wallingford v. Olson*, 592 F.3d 888, 891 (8th Cir.2010); *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *Young v. Harrison*, 284 F.3d 863, 866 (8th Cir.2002); *Winters v. Adams*, 254 F.3d 758, 766 (8th Cir.2001).

"[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action, assessed in the light of the legal rules that were 'clearly established' at the time it was taken." *Wilson*, at 614.  The contours of the constitutional right at issue "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right," but "[t]his is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in light of pre-existing law, the unlawfulness must be apparent." *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).  As a consequence, "[t]he doctrine 'gives

ample room for mistaken judgments but does not protect the plainly incompetent or those who knowingly violate the law.'" *Bagby v. Brondhaver*, 98 F.3d 1096, 1098 (8th Cir.1996).

In determining whether a public official has violated a clearly established constitutional right, the reviewing Court has discretion to determine which prong of the two-part test to address first. See, *Heartland Academy Community Church v. Waddle*, 595 F.3d 798 (8th Cir. 2010), citing *Pearson v. Callahan*, --- U.S. ----, 129 S.Ct. 808, 818 (2009).

The party asserting immunity always has the burden to establish the relevant predicate facts, and at the summary judgment stage, the nonmoving party is given the benefit of all reasonable inferences. In determining whether an officer is entitled to qualified immunity, the Court asks: (1) whether, taking the facts in the light most favorable to the injured party, the alleged facts demonstrate that the official's conduct violated a constitutional right; and (2) whether the asserted constitutional right is clearly established. The Court may address either question first. If either question is answered in the negative, the public official is entitled to qualified immunity. To determine whether a right is clearly established the Court asks whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Wallingford v. Olson*, 592 F.3d at 892

- 4 -

(internal citations and quotations omitted).

The Eighth Circuit Court of Appeals has articulated the standard for

determining the question of qualified immunity.  The question

> involves the following two-step inquiry: (1) whether the facts shown
> by the plaintiff make out a violation of a constitutional or statutory
> right; and (2) whether that right was clearly established at the time of
> the defendant's alleged misconduct. *Saucier v. Katz,* 533 U.S. 194,
> 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), *overruled in part by*
> *Pearson v. Callahan,* 555 U.S. 223, 236, 129 S.Ct. 808, 172 L.Ed.2d
> 565 (2009) (holding that *Saucier*'s two-step sequence is not
> mandatory). "Under the rule established in *Pearson,* we have the
> discretion to decide 'which of the two prongs of the qualified
> immunity analysis should be addressed first in light of the
> circumstances in the particular case at hand.' " *Fields v. Abbott,* 652
> F.3d 886, 890 (8th Cir.2011) (quoting *Pearson,* 555 U.S. at 236, 129
> S.Ct. 808).

*Santiago v. Blair,* 707 F.3d 984, 989-90 (8th Cir. 2013).

**Due Process**

The matter of whether Defendant is entitled to qualified immunity has

recently been addressed by the  Eighth Circuit Court of Appeals:

> To have a constitutionally cognizable property interest in a right or a
> benefit, a person must have "a legitimate claim of entitlement to it." See *Bd. of*
> *Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d
> 548 (1972). The Due Process Clause does not create any property interest; it
> merely protects property rights arising "from an independent source such as state
> law." *Id*. A property interest arises when state law creates "expectations that are
> 'justifiable.' " *O'Bannon v. Town Ct. Nursing Ctr*., 447 U.S. 773, 796, 100 S.Ct.
> 2467, 65 L.Ed.2d 506 (1980) (quoting *Vitek v. Jones*, 445 U.S. 480, 489, 100 S.Ct.
> 1254, 63 L.Ed.2d 552 (1980)). No property interest arises where the statutory

claim to a benefit is "too ephemeral and insubstantial." *Id*. (quoting *Meachum v. Fano*, 427 U.S. 215, 228, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976)) (internal quotation marks omitted).

*Austell v. Springer*, 690 F.3d 929, 935 (8th Cir. 2012).

 "Before official conduct or inaction rises to the level of a substantive due process violation, it must be so egregious or outrageous that it is conscience-shocking." *Forrester v. Bass*, 397 F.3d 1047, 1058 (citation, internal quotation marks and alteration in the original omitted). Nothing in the record supports an allegation the state troopers' conduct was egregious or rose to the "conscience-shocking" level. *Habhab v. Hon*, 536 F.3d 963, 968 (8th Cir. 2008). Whether the conscience-shocking standard is violated is an issue of law. *Sitzes v. City of West Memphis, AR*, 606 f.3d 461, 467 (8th Cir. 2012).

 Plaintiffs' claims do not give rise to a claim for a violation of substantive due process.  "'The Constitution only protects [the] liberty [to follow a chosen profession free from unreasonable governmental interference] from state actions that threaten to deprive persons of the right to pursue their chosen occupation. State actions that exclude a person from one particular job are not actionable in suits.... It is the liberty to pursue a particular calling or occupation, and not the right to a specific job, that is secured by the Fourteenth Amendment.'" *Habhab*, 536 F.3d at 968, quoting, *Piecknick v. Com. of Pa*., 36 F.3d 1250, 1259–60 (3d

Cir.1994).

**Equal Protection**

Plaintiffs contend that Defendants violated the Equal Protection Clause by stating a valid class-of-one claim.  A class-of-one claim is stated when a plaintiff alleges that a defendant intentionally treated Plaintiff differently from others who are similarly situated and that no rational basis existed for the difference in treatment.  See *Vill. of Willowbrook v. Olech*, 528 U.S. 562 (2000) *Costello v. Mitchell Pub. Sch. Dist.* 79, 266 F.3d 916 (8th Cir.2001).  More recently, in *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591 (2008), "the Supreme Court delineated the outer limits of this cause of action when it concluded that class-of-one claims are not cognizable in the context of public employment. It reasoned that this categorical exclusion was appropriate in light of the nature of employment decisions:

> There are some forms of state action, however, which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments. In such cases the rule that people should be "treated alike, under like circumstances and conditions" is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted. In such situations, allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise.  *Id*. at 603, 128 S.Ct. 2146.

*Mathers v. Wright*, 636 F.3d 396, 399-400 (8th Cir. 2011).

The record herein establishes that Defendants were clearly exercising their discretionary decision making duties.  Defendants' actions were not motivated by animus, rather, the decision of which towing company to call was based on several factors, including the nature of the accident, the location of the accident in relation to towing services, the need to clear blocked roadways, the need for quick response from the towing company.

Moreover, Plaintiffs have failed to present to the Court any other towing company that was treated differently from Plaintiffs.  Plaintiffs cannot establish a violation of their constitutional Equal Protection rights, and therefore, Defendants are entitled to qualified immunity on the Equal Protection claim.

**Sherman Act**

Plaintiff I-44 claims a violation of §§ 1 and 2 of the Sherman Act.  15 .S.C. § 1, *et seq*.  Section 1 prohibits "every contract, combination in the form of a trust or otherwise or conspiracy in restraint of trade or commerce."  Section 2 of the Act bars efforts to conspire with any person to monopolize trade or commerce.

To establish a claim under §1, Plaintiff  must show: 1) the existence of a contract, combination, or conspiracy; 2) that the agreement unreasonably

restrained trade under either a per se rule of illegality or a rule of reason analysis, and; 3) that the restraint affected interstate commerce. *Insignia Sys. Inc. v. News Am. Mktg. In-Store, Inc.*, 661 F.Supp.2d 1039, 1062 (D.Minn. 2011).

The Sherman Act does not impose liability for an alleged conspiracy where the alleged agreement was among officers or employees within the same entity. *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 769 (1984). Here, all Defendants are members of the Highway Patrol. They cannot conspire among themselves. *Richmond v. Board of Regents of Univ. of Minn*, 957 F.2d 595, 598 (8th Cir. 1992).

Regarding Section 2 of the Sherman Act, Plaintiff must establish: 1) each Defendant acted with the intent to control prices or destroy competition in some part of commerce; 2) predatory or anti-competitive conduct was directed toward accomplishing the unlawful purpose, and; 3) a dangerous probability of success existed. *Trace X Chemical, Inc. v. Canadian Indus., Ltd.*, 738 F.2d 261, 265 (8th Cir. 1984). Anti-competitive conduct must lack a legitimate business purpose. *Becker v. Egypt News Co.* , 713 F.2d 363, 366 (8th Cir. 1983). It does not extend to the exercise of business judgment. *Id*.

Plaintiff has failed to establish that Defendants acted with the requisite intent required under Section 2. Defendants have presented admissible evidence

that the decision to call a certain tow company was based on numerous legitimate purposes, as detailed above.

**Conspiracy**

Plaintiffs claim Defendants violated 42 U.S.C. § 1985(3).  The elements of a conspiracy claim are: 1) one or more persons conspiring with the intent to either directly indirectly deprive Plaintiff with one or more federal constitutional or statutory rights; 2) that at least one of the alleged conspirators engaged in an overt act in furtherance of the conspiracy, and; 3) that the overt act injured Plaintiff. *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008).  Again, Defendants, all members of the Missouri State Highway Patrol, could not have conspired amongst themselves.   *Richmond*, 957 F.2d at 598.

Failing to establish a violation of Plaintiffs' rights tolls the death knoll of Plaintiffs' claims because Defendants are entitled to qualified immunity.

**State Claims**

Because the Court has granted summary judgment on the federal claims, it need not decide the state claims. Under 28 U.S.C. § 1367(a), federal courts may assert supplemental jurisdiction over state claims when a federal claim is properly before the court.  However, when all federal claims have been dismissed, the court has discretion to dismiss the state claims as well. 28 U.S.C. § 1367(c)(3)

- 10 -

(providing that the Court "may decline to exercise supplemental jurisdiction over a claim ... if the [Court] has dismissed all claims over which it has original jurisdiction.").  The Court's discretion should be informed by consideration of the principles of judicial economy, convenience, fairness, and comity. E.g., *Grain Land Coop v. Kar Kim Farms. Inc.*, 199 F.3d 983, 993 (8th Cir.1999).  These factors will generally weigh in favor of declining to exercise jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (dismissal of state claims strongly encouraged when federal claims are dismissed prior to trial); *Grain Land Coop*, 199 F.3d at 993; *American Civil Liberties Union v. Florissant,* 186 F.3d 1095, 1098-99 (8th Cir.1999).  In this case, each of the factors support the Court's decision to decline to exercise pendant jurisdiction over the state-law claims.

## Conclusion

Plaintiffs have presented no constitutional or statutory claims which gives rise to Defendant's qualified immunity. Therefore, the doctrine of qualified immunity protects Defendants' actions.

Accordingly, for the foregoing reasons, and upon all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment, [Doc. No 22], is **GRANTED**.  The federal counts are dismissed with

prejudice and the remaining state counts are dismissed without prejudice.

A separate judgment in accordance with the Opinion, Memorandum and Order is entered this same date.

Dated this 21st day of January, 2014.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

- 12 -